| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-36-KAC-DCP |
| | ) | |
| TAESHAWN WITCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Motion to Appoint New Counsel [Doc. 222], filed by Attorney Mike Whalen on June 9, 2025.

In the motion, counsel states that "counsel and Mr. Witcher have developed a conflict and both believe that Mr. Witcher would be better served with appointment of new counsel" [*Id.* at 1].

The parties appeared before the Court for a hearing on the motion on June 20, 2025. Assistant United States Attorney Miriam Johnson appeared on behalf of the Government. Attorney Whalen appeared on behalf of Defendant, who was also present. Attorney Donny Young was also present at the Court's request. At the hearing, Attorney Whalen stated that communication issues between him and Defendant developed shortly after his appointment,[1] leading then to trust issues, which they attempted to work through. He explained that most recently, issues have developed concerning the review of discovery, which have exacerbated the communication and trust issues in their relationship. Before going into a sealed hearing so that the Court could make further inquiry of both Mr. Whalen and Defendant about the matters at issue, AUSA Johnson confirmed that the Government had no position on the motion.

---

[1] Attorney Whalen was appointed to represent Defendant on September 18, 2024 [Doc. 134].

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that both Attorney Whalen and Defendant Witcher responded to the Court's inquiries as reasonably necessary to demonstrate the existence of a breakdown of communication and trust in the attorney-client relationship that has compromised beyond repair Attorney Whalen's ability to render effective assistance of counsel. Accordingly, the Court finds that good cause exists to substitute new counsel.

Based upon good cause shown, the Motion to Appoint New Counsel [**Doc. 222**] is **GRANTED** and Attorney Whalen is **RELIEVED** as counsel of record for Defendant. Attorney Young agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Young under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant.[2]

Accordingly, the Court **ORDERS**:

(1) The Motion to Appoint New Counsel [**Doc. 222**] is **GRANTED**;

(2) Attorney Mike Whalen is **RELIEVED** of further representation of Defendant; and

(3) Attorney Donny Young is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[2]     The Court directed former Attorney Whalen to provide the discovery and information from Defendant's file to Attorney Young and further directed AUSA Johnson and Attorney Young to discuss the matters relating to the review of discovery that were raised during the hearing.

2